**Alma N. SAVAGE**

v.

**The GREAT ATLANTIC & PACIFIC TEA CO., INC.**

Supreme Judicial Court of Maine.

Jan. 24, 1973.

Wright & MacMichael by Carl R. Wright, Skowhegan, for plaintiff.

Wathen & Wathen by Warren E. Winslow, Jr., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

The appellee Savage on July 18, 1969 was a part time employee of the self-insured appellant. Her duties required her to handle meat products and while lifting a heavy tray of meat on that date she suffered an upper abdominal muscle injury which temporarily destroyed her earning capacity. Accordingly, the parties entered into an agreement, subsequently approved by the Industrial Accident Commission, under which the employee was paid as for temporary total incapacity for the period ending August 24, 1969. The employee, not then represented by counsel, agreed to a discontinuance of compensation, reserving her right to make subsequent claim for compensation.

On December 21, 1970 the employee filed a petition for further compensation claiming total incapacity subsequent to August 24, 1969. After some delay the matter came on to be fully heard by the Commission on January 5, 1972. The Commission found the employee to be 50% incapacitated as of August 24, 1969 and awarded compensation thereafter on that basis. The employer appeals.

The appellant concedes that if there was evidence adequate to support a finding that there was *any* partial incapacity existing from and after August 24, 1969, the specific finding of a 50% partial incapacity was not erroneous. The appellant's position is, however, that there is no probative evidence of a continuing partial incapacity *in any degree*. The appellant places particular emphasis on the fact that appellee's medical witness had not examined the ap-

pellee or seen her professionally for a period of about 24 months.

In our view the evidence is adequate to support the finding that Mrs. Savage has continued to suffer an injury-created partial loss of earning capacity. She described her inability since the accident to do any heavy lifting and the unpleasant physical reaction she got when she attempted any. She has not been in an employed status since the accident occurred. Her physician expressed the opinion that as a result of her injury she could no longer do her regular work or any work involving heavy lifting but would be restricted to "light work."

He assumed that this limitation would continue for the rest of her life, she being then 60 years of age. The appellant offered no contrary evidence. In our view, the case as postured on appeal presents no more than an issue of fact appropriate for Commission decision.

Appeal denied. Ordered that an allowance of $350 to cover fees and expenses of counsel be paid by the Appellant to the Appellee.

All Justices concurring.

POMEROY, J., did not sit.